UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS A. HOCH,

    Plaintiff,

v.                        Case No. 8:07-cv-1499-T-17MSS

OFFICER C. HUSES,

    Respondent.

_____

## O R D E R

Pro se prisoner Plaintiff, a pre-trial detainee at the Pinellas County Jail (PCJ), filed a complaint against Officer C. Huses alleging that Huses falsely arrested Hoch on July 27, 2007. Hoch was charged with criminal mischief and burglary. He seeks money damages from the arresting officer.

### DISCUSSION

A review of the applicable law and facts demonstrates that, for the following reasons, Plaintiff Hoch's complaint must be **DISMISSED.**

Hoch apparently seeks to have this Court intercede in his state criminal case on the

basis that the police did not investigate "clearly any true witnesses at the scene and no one except the two drug dealers were asked what happened."

Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37 (1971); see also, Hicks v. Miranda, 422 U.S. 332, 349 (1975). The Younger court stated:

> [I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.
> . . .
> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.
> . . .
> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

Younger, 401 U.S. at 45-46 (citations and quotations omitted).

The Younger abstention doctrine does not preclude all federal court involvement any time there may be state proceedings. However, the doctrine does preclude involvement when the following conditions exist: a state judicial action is pending; the pending action implicates important state interests; and the state action is capable of addressing the

federal constitutional question. See Lee v. City of Rome, Ga.,866 F. Supp. 545, 549 (N.D. Ga. 1994) (citing Huffman v. Pursue, Ltd., 420 U.S. 592, 600 (1975)).

In the present case, Hoch has a state judicial action pending; the pending action implicates important state interests, and the state action is capable of addressing the federal constitutional question.

Accordingly, the Court orders:

1. That Hoch's complaint is dismissed.  The Clerk is directed to enter judgment against Hoch and to close this case.

2. That Hoch is assessed the $350.00 filing fee which he may pay as funds accumulate in his inmate account.  The Clerk is directed to send a copy of this order to Inmate Accounting at the Pinellas County Jail.  Inmate Accounting shall place a lien on the inmate's trust account for court costs and filing fees due pursuant to 28 U.S.C. § 1915:

> . . . (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.

(4) In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

ORDERED at Tampa, Florida, on September 7, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Douglas A. Hoch